**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Co-operative Insurance Companies

    v.                            Case No. 10-cv-153-LM

Avon Products, Inc.


**O R D E R**


    Co-operative Insurance Companies ("Co-operative"), has sued
Avon Products, Inc. ("Avon"), in a subrogation action.  Co-
operative seeks to recover for the payment it made to its
insured, Robert Carroll, as a result of a fire that was
allegedly caused by a defective Cozy Warming Polar Bear that
Avon sold to a tenant in a residence owned by Carroll.  Carroll
moves to intervene.  Co-operative objects.  Avon has not
concurred, but also has not filed an objection.  For the reasons
that follow, Carroll's motion to intervene is denied.


**Background**

    The following facts are drawn from Co-Operative's
complaint.  Co-operative insured a residence owned by Carroll
("the subject property").  In January of 2008, the subject
property was significantly damaged by fire.  The fire broke out
when a tenant in the subject property heated the buckwheat-

filled pouch for his Cozy Warming Polar Bear in a microwave oven and then placed the pouch on a screened porch outside the house after the pouch came out of the oven smelling like burned popcorn.  Carroll made a claim on his insurance policy with Co-operative, and Co-operative paid the claim.  Carroll says, but Co-operative's complaint does not allege, that Co-operative paid Carroll the policy limit.  Under the subrogation rights granted to it in Carroll's policy, Co-operative has sued Avon, which sold Carroll's tenant the Cozy Warming Polar Bear.

## Discussion

Carroll now moves to intervene, under Rule 24(a) and/or Rule 24(b) of the Federal Rules of Civil Procedure ("Federal Rules").  He seeks to recover damages from Avon above and beyond the amount he was paid by Co-operative.  He claims both that the subject property was underinsured, and that he has sustained losses that were not insured under his Co-operative policy.  Co-operative objects, arguing that Carroll's motion is untimely, and that he has failed to meet the other three requirements for intervention as of right under Rule 24(a).  Co-operative also argues that at least some of the damages Carroll seeks are not available from Avon under the legal claims he has stated.

## A. The Legal Framework

Intervention is governed by Rules 24(a) and (b) of the Federal Rules. "Under the Civil Rules, intervention comes in two flavors: intervention as of right, Fed. R. Civ. P. 24(a), and permissive intervention, Fed. R. Civ. P. 24(b)." Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011).

With regard to intervention as of right, the court of appeals has explained:

> In the absence of a triggering federal statute — and none is involved here — Rule 24(a)(2) provides an authoritative recipe that lists the essential ingredients for intervention as of right:
>
> > On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> It follows that a would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest. See R&G Mortg. [Corp. v. Fed. Home Loan Mortg. Corp.], 584 F.3d [1,] 7 [(1st Cir. 2009)]; Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). Each of these requirements must be fulfilled; failure to satisfy any one of them defeats intervention as of right. B. Fernández & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 545 (1st Cir. 2006); [Pub. Serv. Co. of N.H. v.] Patch, 136 F.3d [197,] 204 [(1st Cir. 1998)].

Ungar, 634 F.3d at 50-51.  Under the circumstances of this case,
permissive intervention, which also has a timeliness
requirement, see Fed. R. Civ. P. 24(b)(1), is "available in the
court's discretion where the applicant's claim or defense and
the main action 'have a question of law or fact in common.'"
Daggett v. Comm'n on Govt'l Ethics & Election Practices, 172
F.3d 104, 108 (1st Cir. 1999) (quoting Fed. R. Civ. P. 24(b)).

There are significant differences between intervention as
of right and permissive intervention.  See R&G Mortgage, 584
F.3d at 8.

> First, in the case of a motion to intervene as of
> right, the district court's discretion is somewhat
> more constrained than in the case of a motion for
> permissive intervention.  See Patch, 136 F.3d at 204.
> Second, the timeliness requirement is often applied
> less strictly with respect to intervention as of
> right.  See, e.g., Navieros Inter-Americanos, S.A. v.
> M/V Vasilia Express, 120 F.3d 304, 320 (1st Cir.
> 1997).  But we hasten to add a caveat: even in the
> case of a motion to intervene as of right, the
> district court's discretion is appreciable, and the
> timeliness requirement retains considerable bite.

Id.

Finally, the shared timeliness requirement, see R&G
Mortgage, 584 F.3d at 11, entails an inquiry that "is inherently
fact-sensitive and depends on the totality of the
circumstances," id. at 7 (citing Banco Popular de P.R. v.
Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992)).

4

As a general matter, the case law reflects four
factors that inform the timeliness inquiry: (i) the
length of time that the putative intervenor knew or
reasonably should have known that his interests were
at risk before he moved to intervene; (ii) the
prejudice to existing parties should intervention be
allowed; (iii) the prejudice to the putative
intervenor should intervention be denied; and (iv) any
special circumstances militating for or against
intervention.  <u>Id.</u>  Each of these factors must be
appraised in light of the posture of the case at the
time the motion is made.  <u>Geiger v. Foley Hoag LLP</u>
<u>Ret. Plan</u>, 521 F.3d 60, 65 (1st Cir. 2008).

<u>R&G Mortgage</u>, 584 F.3d at 7.

## B. Intervention as of Right

The court turns first to intervention as of right,

deferring, for the moment, the element of timeliness.  As to two

of the other three elements, Carroll has made an inadequate

showing.  Plainly, the element of interest is met; as the owner

of the subject property, Carroll has an obvious interest in a

claim that Avon is liable for its destruction.  The problem

arises with the remaining two elements.

Carroll bears the burden of showing that "the disposition

of the action [between Co-operative and Avon] threatens to

impair or impede [his] ability to protect [his] interest,"

<u>Ungar</u>, 634 F.3d at 50, in recovering from Avon for damages in

excess of what Co-operative paid him.  He attempts to do so:

"Should this mat[t]er go to trial, without Mr. Carroll, and an

award is granted to the plaintiff, Mr. Carroll stands to be

barred from benefitting from such an award, and he also stands
to be barred from litigating the same against the defendant a
second time."  Mot. to Intervene (doc. no. 19) ¶ 5.

Carroll does not develop his argument any further.  Thus,
he does not explain how or why a verdict for Co-operative would
bar him from pursuing a claim against Avon.  Nor does Carroll
explain how recovery by Co-operative of the amount it paid him
would bar him from recovering for his losses beyond the amount
Co-operative paid him.  Moreover, without fully researching or
deciding the issue, the court observes that the hypothetical
situation Carroll describes, i.e., a verdict for Co-operative,
might well be suited to the application of non-mutual offensive
collateral estoppel.  See Brown v. Colegio de Abogados de P.R.,
613 F.3d 44, 48 n.2 (1st Cir. 2010).  In any event, Carroll has
not carried his burden of demonstrating that his ability to
protect his interest in recovering from Avon would be harmed if
he were not permitted to intervene in this case.[1]

Similarly, Carroll has not shown that Co-operative does not
adequately represent his interests, at least to the extent of

---

[1] Carroll does not raise, much less develop, an argument
based on the repercussions of a verdict for Avon in a trial in
which he did not participate.  Accordingly, no such argument is
before the court.

establishing Avon's liability.  Carroll does not argue, nor
could he reasonably argue, that his interests and Co-operative's
interests are in any way antithetical with regard to either
Avon's liability or damages.  Rather, Carroll says that Co-
operative does not represent his interests because Avon's
interest is limited to recovering the amount it paid him, not
his full loss.  It is plainly the case that Co-operative and
Carroll seek different damages.  Co-operative seeks to recover
what it paid Carroll.  Carroll seeks to recover both for covered
losses that exceed the policy limit and for additional uninsured
losses.  But, on the issue of liability, there is no basis for
arguing that Co-operative has an interest that is any different
from or less than Carroll's interest.  That is, with regard to
the question of whether Avon's Cozy Warming Polar Bear caused
the fire that burned down Carroll's house, Carroll's interests
are fully represented by Co-operative.

Based on the foregoing, the court concludes that Carroll
has failed to carry his burden of demonstrating his entitlement
to intervention as of right under Rule 26(a).  That said, the
court admits to being somewhat puzzled by the parties' stances
on this issue.  Co-operative's real interest in keeping Carroll

out of this action is unclear.[2]  And, given the possibility that
Avon could face a separate suit from Carroll, Avon's decision
not to assent to Carroll's motion to intervene is difficult to
fathom on the limited information available to the court.  One
would think that Avon would have an interest in defending
against one action rather than two.

On its face, the idea of a single action involving Co-
operative, Carroll, and Avon seems both reasonable and
efficient.  The legal basis for such an action is sound:

> Under federal law, if an insurer has compensated
> an insured for an entire loss, the insurer is the only
> real party in interest and must sue in its own name;
> however, if the insured is only partially compensated
> by the insurer, both are real parties in interest.
>
> If the [insurer-subrogee] has paid an entire loss
> suffered by the insured, it is the only real
> party in interest and must sue in its own name.
> 3 Moore, Federal Practice (2d Ed.) p. 1339.  If
> it has paid only part of the loss, both the
> insured and insurer . . . have substantive rights

---

[2] In what appears to be the best explanation for its
position, Co-operative says:

> Co-operative asserts that Douglas Carroll, through
> subrogation, is already an adequately represented
> party to this action and as such his motion is mute
> [sic] and should be denied.  As the court is aware any
> monies recovered from the defendant that are beyond
> the amount paid out by Co-operative, if any, will be
> given to Douglas Carroll.

Pl.'s Mem. of Law (doc. no. 23-1) ¶ 3.  Co-operative does not,
however, explain how it could recover more from Avon than it
paid out to Carroll.

> against the tortfeasor which qualify them as real
> parties in interest.

United States v. Aetna Cas. & Surety Co., 338 U.S.
366, 381-82 (1949).  To that effect, Wright and Miller
state:

> > An insurer who pays a part of the loss is only
> > partially subrogated to the rights of the
> > insured.  This may occur when the loss exceeds
> > the coverage or when the insurance policy
> > contains a deductible amount that must be borne
> > by the insured.  The respective rights of the
> > party in this situation parallel those when there
> > has been a partial assignment.  Either the
> > insured or the insurer may sue.  Thus, if the
> > insured brings suit, the insurer who is partially
> > subrogated may intervene in the action to protect
> > its pro rata share of the potential recovery.  If
> > either sues and the other does not voluntarily
> > join or intervene, defendant may seek protection
> > from multiple lawsuits by having the absent party
> > joined.

> 6A Charles A. Wright, Arthur R. Miller & Mary Kane,
> Federal Practice & Procedure § 1546 (2d ed. 1990).

Bumble Bee Foods LLC v. Refriammonia, Civ. No. 08-1752 (PG),

2010 WL 1905030, at *3 (D.P.R. May 10, 2010) (parallel citations

omitted).  But, of course, the litigation of this case is for

the parties, not the court.  The court's job is to decide the

issues raised by the parties in the context of the case as they

have framed it.

### C. Permissive Intervention

Bearing in mind the inherent appeal of the judicial economy

that would result from allowing Carroll to intervene, the court

turns to permissive intervention under Rule 26(b), and the only real issue pertinent thereto: timeliness.[3]  The relevant facts related to timeliness are as follows.  Co-operative filed suit against Avon on April 21, 2010.  The parties' agreed-upon deadline for Avon to add third parties to the case was April 1, 2011.  See doc. no. 17.  Carroll filed his motion to intervene on April 11, 2011.

Carroll, who has the burden of demonstrating timeliness, see Ungar, 634 F.3d at 50, says his motion "is timely because the parties have only just begun discovery . . . and completion of discovery is [not] due until October 31, 2011."  Mot. to Intervene ¶ 10.  In its objection, Co-operative avers that Carroll knew that it intended to sue Avon even before it did so, and that Carroll was aware of the suit as soon as it was filed.  In response, Carroll asserts that his motion is "a little late but still timely."  Carroll's Reply (doc. no. 29) ¶ 5.  He argues: "During the progress of this case the need to intervene had not yet become necessary.  It is now necessary for Mr. Carroll to intervene to protect his interest in this litigation."  Id. ¶ 4.

---

[3] There can be no reasonable dispute that Carroll's claim against Avon shares "a common question of law or fact" with the main action, Fed. R. Civ. P. 24(b)(1)(B), that common question being Avon's liability for the fire that destroyed Carroll's house.

The first factor in the timeliness analysis is a con-
sideration of "the length of time that the putative intervenor
knew or reasonably should have known that his interests were at
risk before he moved to intervene." R&G Mortgage, 584 F.3d at
7.  More specifically:

> A motion to intervene is timely if it is filed
> promptly after a person obtains actual or constructive
> notice that a pending case threatens to jeopardize his
> rights.  Greenblatt, 964 F.2d at 1231; Caterino v.
> Barry, 922 F.2d 37, 40-41 (1st Cir. 1990).  Perfect
> knowledge of the particulars of the pending litigation
> is not essential to start the clock running; knowledge
> of a measurable risk to one's rights is enough.  See
> Greenblatt, 964 F.2d at 1231; Culbreath v. Dukakis,
> 630 F.2d 15, 20-21 (1st Cir. 1980).

Id. at 8.  "In the last analysis, the timeliness inquiry centers
on how diligently the putative intervenor has acted once he has
received actual or constructive notice of the impending threat."
Id.

Here, Carroll does not contest Co-opertive's averments that
he knew about Co-operative's claims against Avon before the suit
was filed, and that he knew that the action had been filed for
approximately one year before he moved to intervene.  Rather
than explaining why he waited a year to intervene, Carroll
vaguely asserts that intervention did not become necessary until
sometime after Co-operative filed suit against Avon.  But, he
does not indicate what triggered his need to intervene, when
that need was triggered, or how long after the unidentified

11

triggering event he actually moved to intervene.  The rights
that Carroll seeks to protect are the right to compensation from
Avon in excess of his policy limits and the right to be
compensated for uninsured losses.  Carroll fails to explain how,
at the time Co-operative sued Avon, he was unaware that: (1) he
had uncompensated losses due to underinsurance and lack of
coverage; and (2) Co-operative would not protect his interest in
recovering for those losses.

    To be sure, analysis of the first factor of the timeliness
inquiry is relative, flexible, and full of gray areas rather
than bright lines.  See P.R. Tel. Co. v. Sistema de Retiro de
los Empleados del Gobierno y la Judicatura, 637 F.3d 10, 15-16
(1st Cir. 2011); R&G Mortgage, 584 F.3d at 8.  But, still,
Carroll bears the burden on this issue, see P.R. Tel. Co., 637
F.3d at 14; Ungar, 634 F.3d at 50-51, and light though it may
be, he has not carried it.

    Carroll fares little better with the second and third
factors, "which together involve the balance of harms."  R&G
Mortgage, 584 F.3d at 9.  His argument for timeliness rests
almost entirely on the second factor, lack of prejudice to the
existing parties.  Id. at 7.  Cutting in Carroll's favor is the
fact that this case is at a relatively early stage of
litigation, with discovery still ongoing.  Carroll also points

out that there are currently no motions pending in the case.
For its part, Co-operative argues that it would be prejudiced by
the addition of a new party midway through the discovery
process.  Cutting slightly against Carroll, but unmentioned by
Co-operative, is the fact that the parties' agreed-upon deadline
for adding new parties has already passed.

　　　As to the third factor, prejudice to Carroll should
intervention be denied, see R&G Mortgage, 584 F.3d at 7,
Carroll presents nothing other than the poorly developed
collateral estoppel argument the court has already found
wanting.  For its part, Co-operative argues that "there is no
prejudice to Carroll to deny his motion to intervene in that
this is a subrogation matter in which Co-operative is Douglas
Carroll."  Pl.'s Mem. of Law (doc. no. 23-1) ¶ 4.  That
argument, however, ignores the fact that the real Douglas
Carroll, as opposed to his subrogation-born alter-ego, claims
damages in excess of those Co-operative seeks to recover from
Avon.  Plainly, Carroll seems to have a good reason for suing
Avon; what he does not adequately explain is how he will be
prejudiced by suing Avon in a separate action rather than as an
intervenor in this one.  See R&G, 584 F.3d at 10 ("The
availability of an adequate alternative remedy softens any

plausible claim of prejudice.") (citing <u>N.Y. Chinese TV Programs</u> <u>v. U.E. Enters., Inc.</u>, 153 F.R.D. 69, 72 (S.D.N.Y. 1994)).

On balance, Carroll has failed to carry his burden of demonstrating that his motion to intervene is timely, which is fatal to both to his bid to intervene as of right under Rule 24(a) and his request for permissive intervention under Rule 24(b).

## Conclusion

There is little question that the addition of Carroll to this action makes a fair amount of practical sense.  But that is not the test.  Rather, it falls to Carroll to demonstrate that he should be allowed to intervene under the provisions of Fed. R. Civ. P. 24(a) and (b).  He has not done so.  Accordingly, Carroll's motion to intervene, doc. no. 19, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


June 15, 2011

cc:  James D. Kelly, Esq.
     Adam A. Larson, Esq.
     Sstephen W. Sutton, Esq.